UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AZZAM AHMED**,                             Case No. 1:09 CV 624

         Petitioner,                   Judge Benita Y. Pearson

     v.                                         REPORT AND RECOMMENDATION

**RICHARD HALL**, Warden,

         Respondent.                Magistrate Judge James R. Knepp II

## Introduction

This is an action filed by a prisoner in state custody seeking a writ of habeas corpus under 28 U.S.C. § 2254. On August 4, 2010, Magistrate Judge James S. Gallas (now retired) issued a Report and Recommendation recommending that the habeas petition be denied in its entirety (Doc. 15). Petitioner Azzam Ahmed filed Objections (Doc. 18) to the Report and Recommendation on October 13, 2010. On that same day, Petitioner filed motions for leave to amend his Petition to add a new ground (Doc. 19) and to stay the case pending exhaustion of his state remedies on that ground (Doc. 20). Petitioner offers the new ground alleging he was deprived of a liberty interest ostensibly created by the state appellate court when it vacated his original sentence. On January 26, 2011, the Court conducted a telephone status conference. The Court invited the parties to submit memoranda addressing the viability of the Motions in light of a recent Ohio Supreme Court decision and to demonstrate to the Court that a federal constitutional, as opposed to a purely state law, issue even exists.

Thereafter, Respondent Richard Hall, Warden of the Richland Correctional Institution, filed

a Memorandum in Opposition to the Motions (Doc. 23) and Petitioner filed a Supplemental Memorandum in Support (Doc. 24). The district court has jurisdiction over the Petition under § 2254(a). The Motions have been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Motions be denied.

## Background

Petitioner Azzam Ahmed was convicted in the Common Pleas Court of Cuyahoga County on two counts of rape, seven counts of sexual battery, and eleven counts of sexual imposition. On February 18, 2004 he was sentenced to consecutive terms totaling 45 years of incarceration and later resentenced on May 23, 2006 to the same aggregate term. Continuing to the present, Petitioner has engaged in numerous counseled state and Federal procedures to overturn these convictions or reduce his sentence. On March 21, 2009, he filed a counseled petition under 28 U.S.C. §2254 for Federal habeas corpus review on eight grounds of alleged Constitutional violations.

## Discussion

*Motion to Amend*

Petitioner seeks leave to amend his Petition to include a ninth ground for relief:

Petitioner Ahmed's right to due process of law, as protected by the Due Process Clause of the 14th Amendment to the United States Constitution, was violated by the severance of statutory requirements for findings of fact before consecutive sentences could be imposed upon him.

At the time of his original sentencing, Ohio Revised Code 2929.14(E)(4) required the court to make certain findings before imposition of consecutive sentences. The Ohio Court of Appeals for the Eighth Judicial District affirmed Petitioner's conviction in 2005, but vacated his sentence, holding that the findings made by the trial judge were not sufficient to justify consecutive sentences.

2

After the decision of the state appellate court, but prior to his resentencing in the trial court, the Supreme Court of Ohio declared unconstitutional and severed the portion of the statute requiring judges to make findings prior to imposing consecutive sentences. *State v. Foster*, 109 Ohio St. 3d 1 (2006). Thus, when Petitioner was ultimately resentenced post-*Foster*, the trial judge did not make any findings of fact when consecutive sentences were again imposed.

In 2009, well after *Foster* and Petitioner's re-sentencing, the U.S. Supreme Court issued *Oregon v. Ice*, 129 S. Ct. 711 (2009), which examined Oregon's state sentencing laws and held that requiring judges to make certain findings of fact in order to impose consecutive sentences did not violate the constitution. Thus, in light of *Ice*, *Foster* was incorrect in holding Ohio's requirement of fact finding for consecutive sentences unconstitutional. Notably, *Ice* did not hold that such fact-finding was required as a matter of federal constitutional law.

Petitioner argues that because *Foster* improperly struck down a portion of the Ohio sentencing statute, his post-*Foster* resentencing, without the fact-finding requirement improperly severed, violated his Due Process rights. In support, Petitioner directs the Court to *Hicks v. Oklahoma*, 447 U.S. 343 (1980), which held that a defendant had a due process liberty interest in ensuring a state's compliance with prescribed sentencing procedures. However, at the time he was resentenced, by operation of Ohio law, there was no "prescribed sentencing procedure" which was

not followed.[1] Petitioner is actually arguing the *Ice* decision, which supports the proposition that *Foster* was incorrectly decided, reinstates, at least in his case, the portion of the Ohio statute which was found unconstitutional and severed. As a matter of Ohio law, however, it did not. Indeed, the Ohio Supreme Court addressed this very issue in *Hodge*:

> We recognize, however, that the decision in *Ice* undermines some of the reasoning in the *Foster* decision that judicial fact-finding in the imposition of consecutive sentences violates the Sixth Amendment. Although there are differences between the Ohio provisions struck down in *Foster* and the Oregon statutes upheld in *Ice*, these distinctions are immaterial in light of the broad reasoning employed in *Ice*. After *Ice*, it is now settled law that *Apprendi* and *Blakely* do not control the resolution of this issue and that the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. See *Elmore*, 122 Ohio St.3d 472, 2009 Ohio 3478, 912 N.E.2d 582, at ¶ 34 (the Oregon statutes at issue in *Ice* "did not erode any traditional function of the jury").
>
> Had we the benefit of the United States Supreme Court's decision in *Ice* regarding Oregon's consecutive-sentencing statutes prior to our decision in *Foster*, we likely would have ruled differently as to the constitutionality, and continued vitality, of our own state's consecutive-sentencing provisions. But we did not have that guidance, and our holding was reasonable in light of the status of federal constitutional law at the time.
>
> Although we acknowledge that *Ice* has an impact on *Foster*, we do not accept Hodge's argument that the decision in *Ice* automatically and retroactively reinstates the consecutive-sentencing statutes invalidated in *Foster*. . . .
>
> The gist of Hodge's position is that we should overrule the holding in *Foster* that R.C. 2929.14(E)(4) and 2929.41(A) are unconstitutional and hold that the

---

[1] The Supreme Court of Ohio confirmed, as a matter of Ohio law, this to be the case where it observed, in *State v. Hodge*, 128 Ohio St. 3d 1, ¶ 25 that it had already concluded, in *State v. Bates*, 118 Ohio St. 3d 174, ¶ 18, that:

> the severance and excision of the consecutive-sentencing statutes 'in their entirety' in *Foster* leave 'no statute to establish' the presumption for concurrent sentences or to require that findings be made to impose consecutive sentences. We also referred to the severed statutes as 'former,' id., thus indicating that those statutes for enforcement purposes are no longer considered part of the statutory framework and have no force or effect.

consecutive-sentencing statutes struck down in *Foster* have been reinstated or revived by the decision in *Ice*, with the ultimate result that Hodge is entitled to be resentenced pursuant to the former consecutive-sentencing statutes.

128 Ohio St. 3d 1, ¶¶ 19-22.

The Supreme Court of Ohio expressly rejected the proposition that the consecutive sentencing statutes struck down in *Foster* were reinstated with the announcement of the *Ice* decision.[2] That court concluded:

> In summary, *Ice's* impact on Ohio law is collateral. Our decision in *Foster* was not on direct appeal in *Ice*, and *Ice* did not directly overrule *Foster*. Nearly five years have passed since *Foster* definitively and unequivocally severed the consecutive-sentencing sections, along with other provisions, from the statutory sentencing framework, and ordered resentencing for those defendants whose cases were then on direct appeal.
>
>   Numerous defendants have received consecutive sentences that have met all constitutional requirements from trial court judges acting in reliance on *Foster, Bates, Elmore*, and other precedents. Considering also that (1) judicial fact-finding is not constitutionally required in order to impose consecutive sentences, (2) none of our precedents have given notice to the General Assembly that provisions of the Revised Code that have been held unconstitutional and have been severed would be revived, perhaps many years after their enactment and subsequent invalidation, and (3) other considerations against revival strongly outweigh the considerations in favor of revival, we reject the concept of automatic revival under the circumstances presented here.
>
>  For all the foregoing reasons, we hold that the decision of the United States Supreme

---

[2]The court first observed that this situation does not fit within a narrow class of cases where reinstatement of a stricken statute can occur in the absence of action by the General Assembly. According to the court, such automatic revitalization can occur when rights have vested due to reliance on a statute declared unconstitutionally void.

> As we observed in *Elmore*, [122 Ohio St. 3d 472] at ¶ 24-26, a defendant sentenced pursuant to *Foster's* holdings has notice of the sentencing range, which was not changed by *Foster*, and "never had an irrebuttable presumption of * * * concurrent sentences."  Since R.C. 2929.41(A) established only a rebuttable presumption for concurrent sentences, the imposition of consecutive sentences in this situation does not affect any vested right.

*Id.* at fn 5.

> Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*. Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

*Hodge*, 2010 Ohio 6320, ¶¶ 37-39.

Petitioner attempts to distinguish himself from application of *Hodge* mandates by arguing that his liberty interest at stake did not arise from the statute which *Foster* apparently incorrectly deemed unconstitutional, but from the appellate court's determination that the trial court's findings of fact did not warrant imposition of consecutive sentences.  This is a distinction without a difference.

Simply stated, neither under federal constitutional nor Ohio state law did Petitioner have a right, at the time he was ultimately sentenced, to either a presumption of concurrent sentences or to judicial findings of fact to justify imposition of consecutive sentences.  There is no legal support for the proposition that the court of appeals' decision finding the trial court failed to make adequate findings created a liberty interest where, as here, the statute upon which that decision was premised was later declared unconstitutional.  As a matter of state law, that statute was not in effect at the time Petitioner was resentenced, and the appellate court's application of it became a nullity.  There is no basis for this Court to conclude the appellate decision applying a subsequently invalidated statutory provision  somehow constitutes a "prescribed sentencing procedure" sufficient to invoke the due process liberty interest described in *Hicks*.

Because the proffered additional ground fails to set forth a cognizable federal constitutional claim, the Motion for Leave to Amend should be denied.

*Motion to Stay*

The Court has determined that there was no "prescribed sentencing procedure" with regard to grounds for the imposition of consecutive sentences at the time Petitioner was resentenced.  Thus, Petitioner's unexhausted new ground in support of relief under 28 U.S.C. § 2254 is "plainly meritless" and therefore Petitioner is not entitled to stay the current proceeding in order to exhaust the claim in state court.  *Rhines v. Weber*, 544 U.S. 269, 277.

## Conclusion and Recommendation

Following review of Petitioner's Motions and the memoranda in support and in opposition, the Court finds that Petitioner has failed to set forth a claim cognizable under federal constitutional law in his proffered new ground.  The proffered new ground is not a colorable claim that Petitioner is in custody pursuant to a state court judgment contrary to or involving an unreasonable application of federal law as determined by the Supreme Court of the United States, or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  The Motions (Docs. 19 and 20) should be denied.

      s/James R. Knepp II    4/1/11
      United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).