PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AZZAM AHMED, ) | |
| ) | CASE NO. 1:09CV00624 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| RICHARD HALL, ) | ORDER ADOPTING THE |
| ) | MAGISTRATE JUDGE'S REPORT AND |
| Respondent. ) | RECOMMENDATION AND DENYING |
| ) | PETITIONER'S MOTION FOR LEAVE |
| ) | TO AMEND PETITION AND MOTION |
| ) | TO STAY THIS CASE AND HOLD IN |
| | ABEYANCE [Resolving ECF Nos. 19 and 20] |

## I. Introduction

Before the Court is the Report and Recommendation (ECF No. 25) filed by Magistrate Judge James R. Knepp II recommending that the Court deny Petitioner Azzam Ahmed's Motion for Leave to Amend his Petition for a writ of habeas corpus (ECF No. 19) and Motion to Stay This Case and Hold in Abeyance Pending Exhaustion of Petitioner's Petition for Post-Conviction Relief Filed with the State Trial Court (ECF No. 20) filed by Petitioner Azzam Ahmed ("Ahmed"). Ahmed has objected to the Report and Recommendation. (ECF No. 28). For the reasons set forth below, the Report and Recommendation is adopted. Ahmed's motions for leave to amend his petition and to stay the case and hold it in abeyance are denied.

(1:09cv00624)

## II. Standard of Review

The standard of review used by the Court in examining a Report and Recommendation is set forth in 28 U.S.C. § 636. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. Background

The Report and Recommendation before the Court accurately details the facts and procedural history of the case. Those facts and history, to which neither party has objected, are restated herein.

Petitioner Azzam Ahmed was convicted in the Common Pleas Court of Cuyahoga County on two counts of rape, seven counts of sexual battery, and eleven counts of sexual imposition. On February 18, 2004 he was sentenced to consecutive terms totaling 45 years of incarceration and later resentenced on May 23, 2006 to the same aggregate term. Continuing to the present, Ahmed, through counsel, has engaged in numerous state and federal procedures to overturn these convictions or reduce his sentence. On March 21, 2009, with the assistance of counsel, Ahmed filed a petition under 28 U.S.C. §2254 for habeas corpus review, alleging eight grounds for relief. ECF No. 25 at 2.

On August 4, 2010, Magistrate Judge James S. Gallas (now retired) issued a report and recommending that Ahmed's habeas petition be denied in its entirety (ECF No. 15). Ahmed

2

(1:09cv00624)

timely filed objections (ECF No. 18).[1]  Ahmed also, contemporaneously, moved the Court for leave to amend his petition to add a new ground (ECF No. 19) and to stay the case pending exhaustion of his state remedies on that ground (ECF No. 20).[2]  ECF No. 25 at 1.

The motions to amend the petition and to stay this proceeding were referred to Magistrate Judge James R. Knepp II.  On April 1, 2011, the magistrate judge recommended that both motions be denied.  Ahmed filed timely objections.

### IV.  Discussion

**A.  Motion to Amend the Petition**

A motion to amend a habeas petition is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2242; *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978).  Although the Court is directed to grant leave to amend freely, the right to amend is not unlimited. The Court has discretion to deny leave to amend a habeas petition when the amendment would be futile.  *See Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001).

"Habeas corpus is not a neutral proceeding in which the petitioner and the State stand on an equal footing.  Rather, it is an asymmetrical enterprise in which a prisoner seeks to overturn a presumptively valid judgment of conviction.  Because of this, the petitioner generally bears the burden of proof throughout the habeas proceeding."  *Pinkney v. Keane*, 920 F.2d 1090, 1094 (2nd Cir.1990).

---

[1]  The Court has yet to rule upon the habeas petition.

[2]  In the motions, Ahmed acknowledged that he had not exhausted the claim he sought to add to the petition and, at the time he filed his motions, the claim was pending before the State trial court in a petition for post-conviction relief.  ECF Nos. 19 at 2 and 20 at 1.

3

(1:09cv00624)

### 1. Reasons for Proposed Amendment

Ahmed seeks to add the following ground for relief to his pending petition:

> Ground Nine: Petitioner Ahmed's right to due process of law, as protected by the Due Process Clause of the 14th Amendment to the United States Constitution, was violated by the severance of statutory requirements for findings of fact before consecutive sentences could be imposed upon him.[3]

ECF No. 19 at 1.  The magistrate judge explained the derivation of the proposed amendment in the following way:

> At the time of his original sentencing, Ohio Revised Code 2929.14(E)(4) required the court to make certain findings before imposition of consecutive sentences.  The Ohio Court of Appeals for the Eighth Judicial District affirmed Petitioner's conviction in 2005, but vacated his sentence, holding that the findings made by the trial judge were not sufficient to justify consecutive sentences.  After the decision of the state appellate court, but prior to his resentencing in the trial court, the Supreme Court of Ohio declared unconstitutional and severed the portion of the statute requiring judges to make findings prior to imposing consecutive sentences.  *State v. Foster*, 109 Ohio St. 3d 1 (2006).  Thus, when Petitioner was ultimately resentenced post-*Foster*, the trial judge did not make any findings of fact when consecutive sentences were again imposed.
>
> In 2009, well after *Foster* and Petitioner's re-sentencing, the U.S. Supreme

---

[3] Ahmed offered these supporting facts which are very similar to the magistrate judge's explanation: "At the time of Petitioner Ahmed's original sentencing, Ohio R.C. 2929.14(E)(4) required a trial court to make certain findings of fact before imposing consecutive sentences.  In *State v. Foster*, 109 Ohio St.3d 1 (2006), the Ohio Supreme Court determined that judicial fact-finding for imposition of consecutive sentences violated a defendant's right to jury trial under the 6th Amendment to the United States Constitution.  At Petitioner Ahmed's resentencing, pursuant to *Foster*, the trial court made no findings of fact before imposing consecutive sentences upon him. In *Oregon v. Ice*, 129 S.Ct. 711 (2009), the United States Supreme Court implicitly overruled Foster and held that a state legislature could, consistent with the 6th Amendment, require trial courts to make findings of fact before imposing consecutive sentences. In *Hicks v. Oklahoma*, 447 U.S. 343 (1980), the Supreme Court held that a defendant had a due process liberty interest in ensuring a state's compliance with prescribed sentencing procedures. The application of *Foster* to Petitioner Ahmed thus violated his due process rights, and contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." ECF No. 19 at 1-2.

4

(1:09cv00624)

> Court issued *Oregon v. Ice*, 129 S. Ct. 711 (2009), which examined Oregon's state sentencing laws and held that requiring judges to make certain findings of fact in order to impose consecutive sentences did not violate the constitution. Thus, in light of *Ice*, *Foster* was incorrect in holding Ohio's requirement of fact finding for consecutive sentences unconstitutional. Notably, *Ice* did not hold that such fact-finding was required as a matter of federal constitutional law.
>
> Petitioner argues that because *Foster* improperly struck down a portion of the Ohio sentencing statute, his post-*Foster* re-sentencing, without the fact-finding requirement improperly severed, violated his Due Process rights. In support, Petitioner directs the Court to *Hicks v. Oklahoma*, 447 U.S. 343 (1980), which held that a defendant had a due process liberty interest in ensuring a [S]tate's compliance with prescribed sentencing procedures.

ECF No. 25 at 2-3.

Ahmed 's argument for this additional ground of relief is comprised of two premises–each buttressed by Supreme Court case law. The first premise is that, in accordance with *Oregon v. Ice,* Ahmed has an *entitlement* to being sentenced with the judicial fact-finding requirement existing pre-*Foster*. ECF No. 19 at 8. The second premise is that this entitlement was a *liberty interest* cognizable under the 14th Amendment's Due Process Clause as evidenced by the Supreme Court's holding in *Hicks v. Oklahoma*. ECF No. 19 at 8. Upon these bases, Ahmed argues that, because he was sentenced without the judicial fact–finding requirement, he has been deprived of a liberty interest. This deprivation, he avers, violated his constitutional right to due process. ECF No. 19.

**2. Magistrate Judge's Ruling and Ahmed's Objections**

In the Report and Recommendation, the magistrate judge refuted the bases for Ahmed's proposed amendment and found that the proposed amendment "fail[ed] to set forth a cognizable federal constitutional claim" (ECF No. 25 at 6) because Ahmed had failed to prove: (1) that he had an entitlement to the previous sentencing arrangement and (2) that this alleged entitlement

5

(1:09cv00624)

constituted a liberty interest protected by the Constitution. ECF No. 25.

The magistrate judge began his analysis by discrediting Ahmed's reliance upon *Hicks v. Oklahoma* to prove his alleged entitlement to pre-*Foster* sentencing constituted a liberty interest. In so doing, the magistrate judge noted that *Hicks* was factually distinguishable from the instant case. ECF No. 25 at 3-4. In *Hicks*, the Supreme Court found that a state's *existing* statutory provision requiring a jury to determine a defendant's sentence "created a substantial and legitimate expectation that [the defendant would be] deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion." *Hicks*, 447 U.S. at 346. Thus, the *Hicks* Court held that the State appellate court's refusal to issue a ruling comporting with the State's prescribed sentencing procedure deprived defendant of a liberty interest without due process of law. *Id.* In contrast, to the facts in *Hicks*, "at the time [Ahmed] was re-sentenced, by operation of Ohio law, there was no 'prescribed sentencing procedure' [that] was not followed." ECF No. 25 at 3-4. No legitimate expectation was frustrated.

Moreover, the magistrate judge determined that Ahmed's contention that he possessed an entitlement to the previous sentencing protocol lacked merit by deconstructing Ahmed's reliance upon *Oregon v. Ice*. First, the magistrate judge correctly noted that *Ice* did not overrule Ohio's post-*Foster* sentencing regime, in accordance with which Ahmed was re-sentenced. ECF No. 25 at 3. Although, "in light of *Ice*, *Foster* was incorrect in holding Ohio's requirement of fact finding for consecutive sentences unconstitutional. . . *Ice* did not hold that such fact-finding was required as a matter of federal constitutional law." ECF No. 25 at 3. Thus, the magistrate judge reasoned that while it can be argued that the impetus behind the *Foster* court's severance of statutory provisions involving judicial fact-finding for consecutive sentencing was based upon a

6

(1:09cv00624)

misinterpretation of constitutional law, the severance itself and its progeny, the post-*Foster* sentencing regime, remains constitutional. Accordingly, the magistrate judge was correct in rejecting Ahmed's assertion that he possessed an entitlement to being re-sentenced pursuant to the pre-*Foster* sentencing regime as a result of the unconstitutionality of *Foster*.

Most damaging to Ahmed's dependency upon *Ice* to support his entitlement theory, however, is the recent Ohio Supreme Court decision in *State v. Hodge,* 128 Ohio St. 3d 1 (Ohio 2010).[4] In *Hodge*, the Ohio Supreme court expressly rejected the notion that the judicial fact-finding requirements severed in *Foster* were reinstated with the pronouncement of the *Ice* decision. *Id*. at 10. And as a result, the Ohio Supreme Court ultimately held that the Petitioner, Hodge, was not entitled to be re-sentenced pursuant to the pre-*Foster* sentencing arrangement. *Id.* Based upon this holding, the magistrate judge expressly rejected Ahmed's contention that the ruling in *Ice* had the effect of bestowing an entitlement upon Ahmed. ECF No. 25 at 4-6.

The record reflects that Ahmed submitted an additional brief in an attempt to "distinguish himself from application of *Hodge* mandates." ECF No. 25 at 6; *see also*, ECF No. 24. Ahmed argued that unlike the petitioner in *Hodge* and other similarly situated petitioners whose liberty interests, presumably, were tethered to the severed statutory provision, Ahmed's liberty interest arose from the State appellate court's ruling, which (1) held that the trial judge's findings did not comply with the fact-finding requirements of the then existing statute on the grounds that the findings did not justify the imposition of consecutive sentencing and (2) vacated Ahmed's original sentence and ordered Ahmed to be re-sentenced pursuant to the now defunct statute. *See*

---

[4] The decision in *Hodge* was rendered while the instant motions were pending before the Court.

7

(1:09cv00624)

*generally*, ECF No. 24.  Ahmed laments that because the facts surrounding his case are truly unique, he possesses a liberty interest and should be allowed to pursue this claim in the State courts, in spite of the holding in *Hodge*.  *Id.*

The magistrate judge found Ahmed's argument unpersuasive–holding that Ahmed's dissimilarity was "a distinction without a difference."  ECF No. 25 at 6.  There are no distinguishing facts (1) entitling Ahmed to be re-sentenced pursuant to the defunct statutory provisions or (2) invoking the due process liberty interest described in *Hicks*.  Accordingly, because the proposed additional ground fails to set forth a cognizable federal constitutional claim, the magistrate judge recommended that Ahmed's motion for leave to amend should be denied.  ECF No. 25 at 6.  The Court agrees.

### 3. Ruling Regarding Motion to Amend Petition

Ahmed has been unable to show that he had a liberty interest in the pre-*Foster* sentencing regime.  There is no existing case law to support this assertion.[5]  Ahmed's attempt to analogize the instant case to *Hicks* is unpersuasive.

Additionally, Ahmed has not shown that he possesses an entitlement to re-sentencing under the statutory provisions severed in *Foster*.  The ruling in *Hodge* forecloses the possibility that Ahmed's unexhausted claim would be meritorious in either a State court post-conviction

---

[5] *See, e.g., Shie v. Smith*, 2009 U.S. Dist. Lexis 16431, * 13 (N.D. Ohio 2009) (stating that because *Hicks v. Oklahoma* was distinguishable from the instant case, as evidenced by the fact that "Oklahoma law provides defendants an absolute statutory right to a sentence imposed by a jury [and] Ohio law does not", that is sufficient reason to find the petitioner's claim that he had a constitutionally protected liberty interest in concurrent sentences under Ohio's pre-*Foster* sentencing regime "meritless").

8

(1:09cv00624)

proceedings or a federal habeas corpus proceeding.[6] It is inconsequential that the *Hodge* Court did not decide the precise question presented in the instant case: whether the State appellate court's determination that the trial court's findings of fact did not warrant imposition of consecutive sentences created a liberty interest in the severed pre-*Foster* statutory provisions. *Hodge* held that the Supreme Court of the United State's decision in *Ice* did not create an entitlement to the severed statutory provisions, Hodge, 128 Ohio St. 3d 10 (Ohio 2010), completely undermining Ahmed's position. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235-36 (6th Cir. 1991) (finding that where state law provided no entitlement to the prisoner, the prisoner did not have a constitutionally protected liberty interest).

In his objection to the Report and Recommendation, Ahmed acknowledges that the magistrate judge's decision recommending denial of his motion to amend relied upon the Supreme Court of Ohio's holding in *Hodge*. Ahmed, nevertheless, argues that the magistrate judge's analysis was erroneous because the magistrate judge concluded "that the issue presented is purely one of state law." ECF No. 28 at 6. As indicated in the discussion above, the magistrate judge relied upon analyses of State and federal law in making his recommendations. The conclusion reached, after extensive review, is that Ahmed's proposed new ground for relief is not a colorable claim that he is being held in custody pursuant to a State court judgment that is (1) contrary to or involves an unreasonable application of federal law as determined by the Supreme Court of the United States, or (2) the result of a decision based upon an unreasonable determination of the facts in light of the evidence in the State court proceeding. *See* 28 U.S.C. §

---

[6] *See Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984) ( " . . . a federal court may not set aside the [S]tate court's interpretation of [S]tate statutes. State statutes mean what [S]tate courts say they mean.")

9

(1:09cv00624)

2254(d)(1)-(2).

Ahmed's objections are overruled.  His motion to amend his petition is denied.

### B.  Motion to Stay

The magistrate judge recommended denial of Ahmed's motion to stay, ECF No. 20, on the grounds that the unexhausted claim was meritless.  ECF No. 25 at 7 (citing to *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).  Ahmed general objections are noted.[7]  Given, as discussed in detail above, that the Court denies Ahmed's motion to amend his petition to add the unexhausted claim, his motion to stay and hold in abeyance the instant action until the unexhausted claim is fully adjudicated in State court is denied as well.  Ahmed's objections are overruled.

### V.  Conclusion

For the foregoing reasons, the Report and Recommendation is adopted.  Petitioner Azzam Ahmed's motion to amend, ECF No. 19, and motion to stay and hold in abeyance, ECF No. 20, are denied.

IT IS SO ORDERED.

July 20, 2011                                        */s/ Benita Y. Pearson*
Date                                                    Benita Y. Pearson
                                                                United States District Judge

---

[7] Ahmed, presumably having recognized that the motion to hold in abeyance is anchored to the motion to amend, did not specifically object to this portion of the Report and Recommendation.